RUMORA *v.* BOARD OF EDUCATION OF ASHTABULA AREA CITY SCHOOL DISTRICT ET AL.

[Cite as Rumora v. Bd. of Edn. of Ashtabula City School District (1972), 32 Ohio Misc. 165.]

(No. 59721—Decided October 6, 1972.)

Common Pleas Court of Ashtabula County.

*Mr. Joshua J. Kancelbaum, Messrs. Berkman, Gordon, Kancelbaum & Schwartz, Mr. Charles M. Diamond, Messrs. Barsky & Diamond,* for plaintiff.

*Mr. Carey S. Sheldon, Mr. Gary Coxon, Messrs. Sheldon, Warren & Kauffman, Mr. Robert T. Baker, Messrs. Means, Bichimer & Burkholder,* for defendants.

WINTER, J. (of Medina County by assignment). This cause came on to be heard on defendants' motion for protective order and motion to dismiss, the briefs of counsel and the evidence.

It appears that plaintiff, Jack Rumora, is the duly appointed Superintendent of the public schools of the Ashtabula Area City School District. On or about the 17th day of December, 1971, plaintiff and the defendant Board of Education entered into a written contract hiring plaintiff as Superintendent of the Public Schools for three (3) years commencing the 1st day of August, 1971. On or about the 15th day of August, 1972, the Board suspended the plaintiff, and resolved to consider termination of plaintiff's contract. On August 25, 1972, the Board delivered to the plaintiff a written notice of its intention to consider the termination of his contract. It appears that the plaintiff filed a written demand for hearing before the Board of Education as provided by the so-called Teacher Tenure Act, and it further appears that a referee has been agreed upon by the parties and that a hearing will be held as provided by law on or about the 17th day of November, 1972.

On the 8th day of September, 1972, plaintiff filed his complaint in this court seeking a temporary and permanent injunction against the defendant Board and the individual members thereof enjoining further termination of contract proceedings and demanding that the court order defendants to reinstate plaintiff with pay and benefits retroactive to date of suspension.

In their motion to dismiss defendants allege that the court lacks jurisdiction because the complaint shows on its face that the controversy is one within the exclusive jurisdiction of the defendant Board, and that plaintiff has not exhausted his remedies as provided in R. C. 3319.16. Defendants contend the existence of an administrative remedy constitutes an adequate remedy at law and accordingly, the court can not exercise jurisdiction by way of injunctive relief as prayed for until such administrative relief has been exhausted.

On the other hand the plaintiff contends that his complaint seeks relief from two oppressive defects. First: That the Board meeting of August 15, 1972, wherein the purported resolution to commence dismissal proceedings against the plaintiff was initiated, was improperly called; and Second: That the charges made by the Board, as evidenced by the notice dated August 25, 1972, are too vague to permit preparation of plaintiff's case for hearing by the referee. Accordingly, plaintiff seeks discovery by way of a series of depositions to be taken prior to the hearing before the referee. While plaintiff's counsel, in their brief contra defendants' motion to dismiss, admit that plaintiff has no quarrel with the general requirements of first exhausting administrative remedies, it is plaintiff's contention that a court may enjoin dismissal proceedings invalidly commenced and being conducted in a manner which deprives plaintiff of due process.

Due process of law is essentially the right to be heard (See 11 Ohio Jur. 2d 51), and involves only the essential rights of notice, hearing, or opportunity to be heard before a competent tribunal (*State* v. *Edwards,* 157 Ohio St. 175).

The doctrine of exhaustion of administrative remedies

requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act (see 2 American Jur. 2d 426). This doctrine, which is recognized in Ohio, is but one of the devices by which courts deny premature resort to the courts and is in accordance with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative relief has been exhausted.

While the doctrine is not as broad as the rule denying equitable relief because of the existence of a plain, adequate, and complete remedy at law, as the defendants contend, it is the opinion of this court that as to the instant case, in view of the surrounding circumstances, the doctrine is applicable.

The plaintiff is concerned with the alleged invalidity of the commencement of the Board's dismissal proceedings; with the possibility of endurance of a lengthy administrative hearing and probable court appeal thereafter; and with the prospect of an extended period of a loss of income. Granting that these are matters of justifiable concern, it must nevertheless be pointed out that plaintiff, by his election to avail himself of the remedies provided under R. C. 3319.16 in the filing of his written demand for hearing, should exhaust this remedy before appealing to the court for relief. Until the referee, now agreed upon by the parites, has made his findings and recommendation to the Board and the Board has acted thereon, resort to this court by the plaintiff in the instant case is premature, and the court so finds.

In view of the foregoing finding no useful purpose could be served by further consideration of defendants' motion for a protective order.

It is therefore ordered that defendants' motion to dismiss be and the same hereby is sustained.