THOMPSON, APPELLANT, *v.* ALBERS, APPELLEE.

(No. 966—Decided April 8, 1981.)

*Messrs. Holbrock, Jonson, Bressler & Houser, Mr. Hugh D. Holbrock* and *Mr. Michael D. Shanks,* for appellant.

*Mr. Melvin H. Reifin* and *Ms. Stephanie A. Wyler,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

The parties herein were divorced in Clermont County in 1965. Defendant-appellee, John Albers, was ordered at that time to pay child support for the three minor children of the parties. Appellee failed to make these payments and plaintiff-appellant, Maxine Albers Thompson, was granted lump sum judgments several times during the years intervening between the divorce in 1965 and the hearing in 1979. Appellee was also found in contempt several times as a result of his failure to pay.

Appellant filed a motion on May 14, 1979, for a lump sum judgment and for an order of court citing appellee for contempt for failure to pay child support as previously ordered. Appellant alleged that the amount of delinquent child support due from appellee was $26,070.

At the time of the filing of the motion, all of the children of the parties had reached the age of majority.

The matter was heard by a referee. The transcript of that hearing is not included in the record on appeal. The referee found that he had the power to find appellee in contempt for his failure to pay support even though the children had

reached the age of majority at the time the motion was filed. However, the referee further found that the facts did not warrant a finding of contempt.

Appellant then filed objections to the report of the referee, and a motion for a new trial. The trial court overruled these objections and approved and adopted the report of the referee. The trial court in doing so found that, at the hearing before the referee, counsel for appellant stated that since the pleadings were in the alternative, he was asking for an order to pay and a finding in contempt. The court understood the effect of this statement to be a withdrawal of that part of the appellant's motion demanding a lump sum judgment. Thus, there was no order for a lump sum judgment. Also, the court overruled appellant's motion for a new trial. It is from these orders that appellant brings this appeal.

Appellant's sole assignment of error is:

"The court erred in affirming the report of the referee and in denying appellant's motion for an order of contempt against John E. Albers."

The assignment of error presents a two-fold question for review. First, appellant argues that the decision of the trial court, affirming the report of the referee, is against the weight of the evidence and is an abuse of discretion on the part of that court. Before the trial judge made that decision, he listened to the record of the hearing before the referee, and his findings were based upon that report. However, that record is not available to us. Appellant has the duty to present the record for review. The appellant has failed to do so. Therefore, this court cannot review the question of the sufficiency of the evidence to support the trial court's finding.

The second part of appellant's argument raises the question of the extent to which the trial court has continuing jurisdiction after the children of the marriage are emancipated. In the decision filed January 22, 1980, the trial court approved and adopted the report of the referee. This report contained a finding that a court has the power, by way of contempt proceedings, to enforce prior orders after emancipation of the children. In addition, the trial court found that it had continuing jurisdiction to grant lump sum judgments after emancipation of the children and cited, as authority for that principle, the case of *Smith* v. *Smith* (1959), 168 Ohio St. 447 [7 O.O.2d 276].

Appellant cites the case of *Smith* v. *Smith, supra,* for the proposition that a court retains jurisdiction to enforce a child support order by contempt proceedings. However, the trial court was correct in the determination that the principle of the *Smith* case applies only to lump sum judgments. Thus, the trial court retains jurisdiction to reduce to a "lump sum judgment" all past due and delinquent installment payments.

Appellant has failed to cite any authority in Ohio for the proposition that a court can use contempt powers after the children are emancipated for the purpose of enforcement of prior orders of support. Appellee cites cases from other jurisdictions which support the position that the court loses its jurisdiction to enforce by contempt proceedings after emancipation of all children.

R.C. 3109.05 reads, in part:

"In a divorce, dissolution of marriage, alimony, or child support proceeding, the court may order either or both parents to support or help support their children * * *."

It is unquestioned that a court may enforce its orders for the purpose of insuring support for children during their minority. Such enforcement may take the form of garnishment, attachment or execution on judgment. In extreme cases, the extraordinary remedy of contempt proceedings is also available. Once the children reach the age of majority, the present obligation to support ceases, but

what about the power to enforce by contempt?

The rule, as set forth in *Dawson* v. *Dawson* (1967), 71 Wash. 2d 66, 67, 426 P. 2d 614, 615 (quoting 27B Corpus Juris Secundum, 656-657, Divorce, Section 321 [6]), appears to be the majority view and is the view adopted by this court. That view is as follows:

" 'The jurisdiction of the court to punish for contempt ordinarily terminates when the child reaches his majority, even though the child is still incapable of self-support, since such remedy is available to insure support for children during their minority, not for the protection of the person having custody, and when they reach majority the purpose and justification for this extraordinary remedy cease.' "

The Supreme Court of Minnesota stated a similar policy in *Hampton* v. *Hampton* (1975), 303 Minn. 500, 502, 229 N.W. 2d 139, 141:

"We perceive no interest of the state in this matter. The state by legislative enactment has evidenced an interest in support of minor children * * *. However, by legislative enactment, the state has declared that children after their 18th birthday are adults and are not entitled to support from their parents. The courts should respect this expression of state policy and not invoke the extreme sanctions of contempt to enforce provisions of judgments contrary to this policy." See, also, *Lieder* v. *Straub* (1950), 230 Minn. 460, 42 N.W. 2d 11; *Kuhn* v. *Kuhn* (1977), 172 Ind. App. 665, 361 N.E. 2d 919; *Lowry* v. *Lowry* (1941), 189 Okla. 650, 118 P. 2d 1015; cf. *Wasson* v. *Wasson* (1974), 52 Mich. App. 91, 216 N.W. 2d 594.

Therefore, after the children have attained the age of majority, the trial court cannot enforce a prior order for child support by exercising the power of contempt; however, the appellant has the right to collect any arrearage in support by garnishment, attachment, or execution on the lump sum judgments previously granted.

Therefore, the judgment of the Court of Common Pleas of Clermont County is modified to reflect that the only remedy available to appellant is a lump sum judgment. For the foregoing reasons we find the appellant's assignment of error not well taken and the same is hereby overruled.

*Judgment accordingly.*

CASTLE, P.J., HENDRICKSON and KOEHLER, JJ., concur.