**CRIGGER, Appellee,**

v.

**CRIGGER, Appellant.**

[Cite as *Crigger v. Crigger* (1991), 71 Ohio App.3d 410.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–957, 90AP–1046.

Decided March 21, 1991.

*James Wilmore Brown,* for appellee.

*James Kura,* County Public Defender, and *Allen V. Adair,* for appellant.

---

BOWMAN, Presiding Judge.

On January 31, 1970, appellant, James E. Crigger, and appellee, Cheryl Crigger, were married and had two children, Cheryl Lynn and James Scott.

On October 1, 1982, appellant and appellee entered into a separation agreement wherein the parties agreed that appellee would have custody of the two minor children, Cheryl Lynn, then age twelve, and James Scott, then age ten, and appellant agreed to pay $50 a week for child support during their minority. A pro-rata share for each child was to cease when that child reached the age of majority. On February 28, 1983, the trial court ordered the marriage dissolved and approved the separation agreement.

On February 13, 1986, appellee filed a motion for contempt and/or judgment for child support arrearages and, on March 18, 1986, the court filed an agreed entry reflecting that appellee's motion was withdrawn and that there was to be no liquidation of the arrearage which, at that time, was $7,860. The court further ordered child support to remain at $50 per week.

Appellee filed a second motion for contempt for the failure of appellant to comply with the prior court orders. Based on evidence presented at a hearing held on April 21, 1989, the trial court found appellant in contempt and established arrearages at $8,000, and ordered him to pay $50 per week over and above his ongoing support order. The trial court sentenced appellant to thirty days in jail with the days to be suspended upon payment of the child support and liquidation order. The trial court further ordered appellant to pay $350 to appellee as an expense money order for legal costs.

On June 21, 1989, appellee filed a motion for enforcement of the court's April 21, 1989 order as well as a request to imprison appellant. A hearing was scheduled for July 7, 1989, but was continued to September 15, 1989, and further to November 3, 1989. Appellee subsequently withdrew the June 21, 1989 motion for enforcement of the child support order.

On May 29, 1990, appellee again filed a motion for contempt and, based on evidence adduced at the July 6, 1990 hearing, the trial court, on July 17, 1990, dismissed appellee's motion for contempt, finding the last minor child was emancipated; however, the court further found appellant to be in arrears for previous nonpayment of child support and expense money in the amount of $6,475 as of June 10, 1990. The court also ordered appellant to pay $222 to appellee for expense money. The issue regarding liquidation of child support

arrears and expense money was continued until August 3, 1990. At that hearing, the trial court ordered the past due child support and order for expense money to be liquidated at the rate of $100 per month.

Appellant filed two separate notices of appeal, case No. 90AP–957, relating to the July 1990 hearing, and case No. 90AP–1046, relating to the August 1990 hearing. The two appeals have been consolidated.

Appellant raises the following assignments of error:

### "First Assignment of Error

"The trial court was without authority to order appellant to discharge, at the rate of $150 per month, an arrearage in support payments for children who are not emancipated, as such order would have necessitated payment drawn from Aid to Dependent Children benefits received for appellant's younger children, which payments are exempt from such an order.

### "Second Assignment of Error

"The trial court was without authority to order appellant to discharge, at the rate of $150 per month, an arrearage in support payments for children who are now emancipated, as the Domestic Relations Court is without authority to make such an order, except with the agreement of a party who may wish to avoid the consequences of conventional methods of debt collection.

### "Third Assignment of Error

"The court erroneously made an expense money order in appellee's favor when the expenses were incurred only to collect upon a child support arrearage relating to children who are now emancipated."

In his first assignment of error, appellant argues that it was error for the trial court to order that he pay arrearages of $150 a month in child support when such order would have required the money to be taken from Aid to Dependent Children benefits appellant received for his two adopted children from his second marriage.

R.C. 2329.66 sets forth sources of income and property which cannot be reached in order to satisfy a judgment, and states in pertinent part:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

" * * *

"(9) The person's interest in:

"* * *

"(d) Aid to dependent children payments, as exempted by section 5107.12 of the Revised Code[.]"

R.C. 5107.12 exempts from execution certain funds and provides:

"Aid under sections 5107.01 to 5107.16, inclusive, of the Revised Code [aid to dependent children], shall be inalienable whether by way of assignment, charge, or otherwise, and exempt from execution, attachment, garnishment, and other like process."

In *Goodyear Service Store v. Speck* (1976), 48 Ohio App.2d 115, 2 O.O.3d 82, 355 N.E.2d 886, a store had attached funds deposited in Speck's checking account. Evidence showed that the deposit consisted of monies paid through the Aid to Dependent Children program. The trial court found that attachment of Aid to Dependent Children funds was improper and ordered the funds returned. The appellate court affirmed, finding that R.C. 5107.12 was to be read in light of the clear intent of the legislature in drafting the Aid to Dependent Children statute. In interpreting the word "inalienable" as used in R.C. 5107.12, the court stated that Aid to Dependent Children cannot be transferred away from the person for whom it was intended. The court stated that it would be absurd to permit the payment of aid monies intended for needy dependent children to creditors of the children's parents.

In *First Natl. Master Charge v. Gilardi* (1975), 44 Ohio App.2d 383, 73 O.O.2d 460, 324 N.E.2d 576, the defendant's only source of income was poor relief and general welfare benefits, which were deposited in his checking account. Master Charge received a judgment against Gilardi and a garnishment order against his checking account. The appellate court reversed, recognizing that Ohio exempts this class of property from attachment for a debt of the recipient.

Here, the evidence presented in the trial court shows appellant had no other source of income other than that derived from the Aid to Dependent Children monies he received for his two adopted children from his second marriage. Appellant did admit that he had been working for a short time on the 1990 Census, although no evidence was presented as to the amount of money received. Further, appellant's counsel, at the July and August hearings, stated that appellant had continuing medical problems that prevented him from obtaining employment and offered to produce medical records.

Thus, the only evidence of appellant's income before the trial court was Aid to Dependent Children benefits in the amount of $413 per month for his two adopted children. The court ordered appellant to pay $150 per month in installment payments in any event.

As the court recognized in *Daugherty v. Central Trust Co.* (1986), 28 Ohio St.3d 441, 28 OBR 492, 504 N.E.2d 1100, at 447, 28 OBR at 497, 504 N.E.2d at 1104–1105:

"We realize that the longstanding purpose of Ohio's exemption statute is to protect from creditors' legal process those debtors with minimal assets ' * * * for the benefit of the children as well as for the parents, in order that the children * * * may be protected against the dangers to which they would be exposed without those household facilities which make the family relation possible * * *.' *Dennis v. Smith* [ (1932), 125 Ohio St. 120, 180 N.E. 638] * * *, at 125 [180 N.E. at 640]. * * *"

Therefore, since any payment of the court's order would have to come from funds derived only from appellant's Aid to Dependent Children benefits, the court erred in ordering such installment payments where the only source of funds is Aid to Dependent Children payments. Appellant's first assignment of error is accordingly sustained to that extent.

Appellant's second assignment of error raises the issue of whether the trial court had the authority to order appellant to pay child support arrearages in the form of monthly installments after his children became emancipated.

R.C. 3109.05(A) permits the domestic relations court in a divorce, dissolution, legal separation or child support proceeding to order either or both parents to aid or support their children; however, the court does not have the power to make a decree regarding the support of minor children beyond the date when the child reaches the age of majority. See *Thiessen v. Moore* (1922), 105 Ohio St. 401, 137 N.E. 906.

The court stated, at paragraph one of the syllabus of *Thompson v. Albers* (1981), 1 Ohio App.3d 139, 1 OBR 446, 439 N.E.2d 955:

"After the children of a marriage have attained the age of majority, the trial court cannot enforce a prior order for child support by exercising the power of contempt; however, the party entitled to child support payments has the right to collect any arrearage in support by garnishment, attachment, or execution on the lump sum judgments previously granted."

The court in *Thompson, supra,* recognized that a court may enforce its prior orders by using the extraordinary remedy of contempt, but only during the child's minority. Once the child is emancipated, the court cannot enforce its order through contempt proceedings. The party seeking the enforcement of the order does, however, have the right to seek and collect any arrearage for child support as he or she would in any other type of judgment, *i.e.,* by garnishment, attachment or execution on the previously granted lump sum judgment. Installment support payments are only to be ordered to

continue until the minor for whose benefit the order is intended is emancipated.

*Bauer v. Bauer* (1987), 39 Ohio App.3d 39, 528 N.E.2d 964, decided by this court, is analogous to the case herein. The court, at paragraph one of the syllabus, held:

"After a child has attained the age of majority and child-support money yet unpaid is reduced to a lump-sum judgment during a civil proceeding, the judgment becomes a debt, and imprisonment for that debt is precluded under Section 15, Article I of the Ohio Constitution."

In *Bauer, supra,* the minor child's support obligation had been terminated when the child went to live with his father, the defendant; however, prior to the child reaching the age of majority and before the support obligation terminated, the wife obtained a judgment against the defendant for child support payments still owed. The trial court ordered defendant to purge himself of contempt by making payments of $150 per month on the arrearage, which defendant failed to do.

After the child became emancipated, the court found defendant to be in contempt for noncompliance with the court's prior orders. This court reversed and remanded, finding the domestic relations court was without authority to hold contempt hearings after the emancipation of the minor child, noting that there are other recourses available for the party seeking enforcement of support arrearages.

■ Although the domestic relations court stated in its journal entry dated July 17, 1990 that, based on the evidence presented at the July 6, 1990 contempt hearing, the motion for contempt was dismissed, it nonetheless awarded expense money to appellee and continued the issue of payment of child support arrearages until August 3, 1990. Based on the August hearing, the court further ordered the arrearages and expense money to be paid in $150 per month installments. Thus, the court, in a contempt proceeding after the minor children had become emancipated, improperly attempted to enforce its prior child support orders and appellant's second assignment of error is sustained.

In his third assignment of error, appellant contends that the trial court also erred when it awarded appellee expense money in the contempt action when the expenses were incurred only to collect child support arrearages after the children had become emancipated.

■ As recognized in *Evans v. Brown* (1986), 34 Ohio App.3d 56, 516 N.E.2d 1289, it is within the discretion of the trial court to award attorney fees in a post-divorce decree action; however, in light of the fact that the trial

court was without authority to order appellant to pay arrearages in the form of installments in a contempt proceeding after emancipation of the minor children, it was an abuse of discretion to award attorney fees.

Based on the foregoing, appellant's three assignments of error are sustained, and the judgments of the trial court are reversed.

*Judgments reversed*
*and cause remanded.*

JOHN C. YOUNG and KLINE, JJ., concur.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.