MARTIN, Appellee,

v.

MARTIN, Appellant.

[Cite as *Martin v. Martin* (1992), 76 Ohio App.3d 638.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–822.

Decided Feb. 27, 1992.

*Riddell & Mancuso Co., L.P.A.,* and *Peter H. Riddell,* for appellee.
*James Kura,* Public Defender, and *Allen V. Adair,* for appellant.

BOWMAN, Judge.

Appellant, William E. Martin, and appellee, Karen Martin, were married on October 24, 1968, and had two children, Shari and James. Their marriage was terminated on August 11, 1983, by a decree of dissolution, which incorporated a separation agreement awarding custody of the minor children to appellee and ordering appellant to pay $100 per week in child support. The agreement provided that obligations of support and maintenance for each minor child would terminate when the child attained the age of eighteen years, unless the child died, was otherwise emancipated or continued to attend an accredited high school on a full-time basis, in which case the support would continue as long as school attendance was maintained.

Over the years, support was modified as the parties' daughter became emancipated, the child support guidelines went into effect and appellant's means varied. An arrearage accumulated on the child support and, prior to these proceedings, the parties reached an agreement that, effective January 8, 1990, child support for James be reduced to $30.25 per week and that an arrearage of $4,300 be liquidated at $45 per week, both through payroll deduction.

On January 22, 1991, six months after James became emancipated by the terms of the separation agreement, appellee filed a motion for citation in contempt, termination of current support and other relief. A hearing was conducted before a referee and, in a report filed April 24, 1991, the referee recommended that appellant be found guilty of contempt for failure to pay child support and that he be sentenced to three days in jail, which was to be suspended upon the condition that appellant purge his contempt by liquidating arrearages of $3,100 at the rate of $100 per month plus poundage payable by payroll deduction. The referee also recommended that child support for James terminate effective July 12, 1990 and that appellant pay appellee's attorney fees of $250 plus court costs.

Appellant filed objections to the report and recommendation of the referee and, following a hearing on the objections, the court adopted the referee's

report and recommendations in full. Appellant now brings this appeal and asserts the following assignments of error:

"First Assignment of Error:

"The Domestic Relations Court erroneously found appellant in contempt based on unpaid child support for children now emancipated. Imposition of a jail sentence is such circumstances amounts to imprisonment for debt, contrary to Article I, Section 15 of the Ohio Constitution.

"Second Assignment of Error:

"The court erroneously made an expense money order in appellee's favor when the expenses were incurred only to collect upon a child support arrearage relating to children who are now emancipated."

In his first assignment of error, appellant asserts that the trial court erred in finding him in contempt for unpaid child support when his children are emancipated. Appellant asserts that an imposition of a jail sentence in such circumstance amounts to imprisonment for a debt contrary to the Ohio Constitution.

R.C. 2705.031(E) provides:

"The imposition of any penalty for contempt under section 2705.05 of the Revised Code shall not eliminate any obligation of the accused to pay any past, present, or future support obligation or any obligation of the accused to comply with or refrain from interfering with the visitation order or decree. The court shall have jurisdiction to make a finding of contempt for the failure to pay support and to impose the penalties set forth in section 2705.05 of the Revised Code in all cases in which past due support is at issue even if the duty to pay support has terminated, and shall have jurisdiction to make a finding of contempt for a failure to comply with, or an interference with, a visitation order or decree and to impose the penalties set forth in section 2705.05 of the Revised Code in all cases in which the failure or interference is at issue even if the visitation order or decree no longer is in effect."

It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449. See, also, *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 15 O.O.3d 450, 402 N.E.2d 519. Similarly, R.C. 1.47 provides that, in enacting a statute, it is presumed that compliance with the United States and Ohio Constitutions is intended. In *State v. Sinito* (1975), 43 Ohio St.2d 98, 72 O.O.2d 54, 330 N.E.2d 896, the court stated that the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance. In *State ex rel. Haines v. Rhodes* (1958), 168 Ohio St. 165, 5 O.O.2d 467, 151 N.E.2d 716, the court stated that, if it is

reasonably possible, courts should construe statutes so as to prevent ridiculous or absurd results since it is presumed that the legislature did not intend such results.

In light of these mandates, this court is required to construe R.C. 2705.031 to uphold its constitutionality if possible. In order to do so, this court finds that this statute is constitutional only if it is interpreted to apply to contempt proceedings which are criminal (punitive), as opposed to civil (coercive), in nature. It necessarily follows that the legislature intended for R.C. 2705.031(E) to apply only to criminal contempt, since to conclude otherwise would allow a court to imprison an individual for failure to pay a debt.

Section 15, Article I, of the Ohio Constitution specifically precludes an individual from being imprisoned for debt in any civil action unless it is a case of fraud. Thus, R.C. 2705.031 is only constitutional to the extent it applies to criminal contempt proceedings and as a punishment for a contumacious individual who refused to pay a court ordered support obligation. Here, the court imposed a penalty designed to coerce appellant to pay, the contempt was civil in nature, and R.C. 2705.31(E) is not applicable.

Although appellant has failed to pay his child support obligation, his children are emancipated. In *Thompson v. Albers* (1981), 1 Ohio App.3d 139, 1 OBR 446, 439 N.E.2d 955, the court held, at paragraph one of the syllabus:

"After the children of a marriage have attained the age of majority, the trial court cannot enforce a prior order for child support by exercising the power of contempt; however, the party entitled to child support payments has the right to collect any arrearage in support by garnishment, attachment, or execution on the lump sum judgments previously granted."

The court in *Thompson* recognized that a court may only enforce its prior order by using the extraordinary remedy of contempt during a child's minority. Once a child is emancipated, the court cannot enforce its orders through contempt proceedings. After a child is emancipated, the party who is seeking enforcement of the order has the right to seek and collect any arrearage for child support as he or she would collect any other type of judgment through garnishment, attachment or execution on a previously granted lump-sum judgment.

In *Bauer v. Bauer* (1987), 39 Ohio App.3d 39, 528 N.E.2d 964, this court held, at paragraph one of the syllabus:

"After a child has attained the age of majority and child-support money yet unpaid is reduced to a lump-sum judgment during a civil proceeding, the judgment becomes a debt, and imprisonment for that debt is precluded under Section 15, Article I of the Ohio Constitution."

In *Bauer*, this court held that the domestic relations court was without authority to hold contempt hearings after the minor child had been emancipated. However, the court also noted that there were other recourses available for the party seeking enforcement of support arrearages which the party could avail himself of to collect the unpaid arrearages.

In this case, the trial court found appellant in contempt for failure to pay child support in the amount of $3,100. However, this finding was made more than nine months after James had become emancipated. Thus, the trial court improperly attempted to enforce its prior child support order through use of a contempt proceeding. Should appellee wish to enforce appellant's arrearage on his child support payments, there are other vehicles which she may use to do this; however, contempt is not one of them. The fact that the arrearage has not yet been reduced to a lump-sum judgment has no bearing on whether or not contempt is available to one parent to enforce the other parent's non-payment of support. The cases are clear that contempt is not available to enforce payment of arrearages once the child has become emancipated. Because the trial court erred in holding appellant in contempt for non-payment of child support after the child was emancipated, appellant's first assignment of error is well taken.

In his second assignment of error, appellant asserts that the trial court erroneously granted appellee $250 for attorney fees plus court costs. Appellant asserts that these expenses were incurred only to collect a child support arrearage relating to children who are now emancipated and, thus, the award of this money to appellee was in error.

In *Crigger v. Crigger* (1991), 71 Ohio App.3d 410, 416–417, 594 N.E.2d 67, 71, this court stated:

"As recognized in *Evans v. Brown* (1986), 34 Ohio App.3d 56, [516 N.E.2d 1289] it is within the discretion of the trial court to award attorney fees in a post-divorce decree action; however, in light of the fact that the trial court was without authority to order appellant to pay arrearages in the form of installments in a contempt proceeding after emancipation of the minor children, it was an abuse of discretion to award attorney fees."

This court finds *Crigger* is applicable in this case and, accordingly, appellant's second assignment of error is well taken.

Based on the foregoing, appellant's two assignments of error are sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

WHITESIDE and DESHLER, JJ., concur.