**HILL, n.k.a. Pressley, Appellee,**

v.

**HILL, Appellant.**

[Cite as *Hill v. Hill* (1993), 88 Ohio App.3d 447.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–100.

Decided June 30, 1993.

*Garber & Willcox* and *Jeffrey Blankenship,* for appellee.

*William H. Truax,* for appellant.

*Anne K. Tsitouris* and *Lynne Weibl,* for *amicus curiae,* Franklin County Child Support Enforcement Agency.

———

BOWMAN, Judge.

In February 1992, appellant, Clarence Hill, notified the Franklin County Child Support Enforcement Agency ("FCCSEA") that his youngest child, Heather Hill, was emancipated, so that his child support obligation should be terminated. After an investigation, FCCSEA agreed and a hearing was held before a referee of the Franklin County Court of Common Pleas, Division of Domestic Relations. The referee recommended that appellant's child support obligation be terminated, and that the trial court order the child support arrearage of $6,741.04 be reduced to judgment and liquidated at the rate of $10 per week, which the referee indicated was to be wage withheld.

The trial court adopted the report and recommendation of the referee. In its December 1992 decision, the court distinguished this case from our decisions in *Martin v. Martin* (1992), 76 Ohio App.3d 638, 602 N.E.2d 772, and *Crigger v. Crigger* (1991), 71 Ohio App.3d 410, 594 N.E.2d 67, which held that, once the child to whom a support duty is owed is emancipated, the trial court may not use its contempt powers to enforce payment of a child support arrearage.

The trial court found that, while *Martin* and *Crigger* prohibited a finding of contempt after emancipation, the court could still issue a judgment for the arrearage, which may be collected through garnishment, attachment or execution. The trial court concluded that the prior child support order of $10 per week had already been shown to be within appellant's ability to pay, so that appellant would be able to afford to pay that amount to liquidate the arrearage. The court additionally found that FCCSEA, as the custodian of the records of child support payments in this matter, had a statutory duty to appear in court and provide information, so that FCCSEA had standing in this action.

Appellant timely appealed the order of the trial court and filed a brief. Appellee, Ruth A. Hill Pressley, is deceased. Although Heather Hill, the child whose emancipation precipitated appellant's action to terminate child support, was an intervening party represented by counsel at the hearing below, she has not submitted a brief on appeal. The FCCSEA has filed an *amicus curiae* brief in this matter.

Appellant assigns the following as error:

"First Assignment of Error

"The trial court lacked authority to order appellant to discharge, at the rate of $10.00 per week, an arrearage in support payments for children who are now emancipated.

"Second Assignment of Error

"The trial court erred in upholding the authority of the non-lawyer employee of the Franklin County child support agency to ask the court to impose specific orders against the obligor."

Appellant's first assignment of error asserts that, at the moment of the child's emancipation, the arrearage was a fixed debt and the trial court could not imprison him for it. In addition, appellant asserts that *Crigger* and *Martin* prevented the trial court from taking the action it did because, he maintains, in those cases we held that a trial court lacks the power to make a decree regarding support after emancipation.

Appellant misreads our decisions in those cases. Neither *Crigger* nor *Martin* held that the trial court was without authority to reduce the arrearage to judgment and order payment. Instead, those cases addressed the authority of the trial court, after the child's emancipation, to impose a contempt order for the failure to pay child support. In both cases, we recognized the holding in *Thompson v. Albers* (1981), 1 Ohio App.3d 139, 141, 1 OBR 446, 449, 439 N.E.2d 955, 958, that:

" * * * [A]fter the children have attained the age of majority, the trial court cannot enforce a prior order for child support by exercising the power of contempt; however, the appellant has the right to collect any arrearage in support by garnishment, attachment, or execution on the lump sum judgments previously granted."

The trial court was cognizant of the fact that it could not issue a contempt order after the child's emancipation. The authority of the trial court to find appellant in contempt following emancipation of the minor children is simply not an issue in this case. Moreover, no attempt to collect the arrearage has been made, so that appellant's appeal only contests the facial validity of the trial court's order.

Pursuant to the authority granted it in R.C. 3113.21 and 3113.-21(G)(4)(b),[1] the trial court granted judgment against appellant. Appellant does

---

1. R.C. 3113.21(G)(4)(b) reads:

   "Upon receipt of a notice given pursuant to division (G)(4)(a) of this section, the court shall impound any funds received for the child pursuant to the support order and set the case for a hearing for a determination of whether the support order should be terminated or modified or whether the court should take any other appropriate action."

not contest the amount of the judgment and that determination of the trial court was not in error. The trial court also had authority to *sua sponte* order liquidation of appellant's debt through installment payments, since R.C. 3113.-21(G)(4)(b) and (M)(1) [2] indicate the court's power to do so did not abate upon Heather Hill's emancipation.

Finding that the court had statutory authority to take appropriate action to collect overdue and unpaid support in this case, we overrule appellant's first assignment of error.

Appellant's second assignment of error charges that the trial court should not have allowed introduction of a recommendation by Don Colby, who appeared as an employee of FCCSEA, on the issue of appellant's payment of the arrearage. Specifically, appellant claims that Colby was not an attorney and could not legally represent the FCCSEA, so Colby's recommendation that appellant continue to pay $10 per week until the arrearage was liquidated was not admissible.

At the hearing, Colby indicated that he was present as a representative of FCCSEA. Colby stated that:

" * * * Our recommendation would be that the $78.96 be reimbursed by the Department of Human Services to the estate of Ruth Pressley, which would bring the arrearages down to the $6,741.02 that we stated previously and that would all be owed to the estate.

" * * *

" * * * We'd further recommend that that $260.00 be applied toward those arrearages also. Lastly, Your Honor, we would recommend that the current support of $10.00 per week would be continued as a payment on the arrearages by Mr. Hill until the—the arrearages are liquidated.

" * * *

" * * * My recommendation to the Court, as far as that goes, is —— the $10.00 a week on the liquidation of the arrearages, is based merely upon what the agency has always requested in this matter.  * * * "

R.C. 4705.01 provides, in part:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which he is not a

---

**2.** R.C. 3113.21(M)(1) reads:

"The termination of a support obligation or a support order does not abate the power of any court to collect overdue and unpaid support or to punish any person for a failure to comply with an order of the court or to pay any support as ordered in the terminated support order."

party concerned, * * * unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. * * * "

Where a non-attorney who is not a party appears in court in the representation of another, such person is engaging in the unauthorized practice of law in violation of R.C. 4705.01. See *Williams v. Global Constr. Co., Ltd.* (1985), 26 Ohio App.3d 119, 120, 26 OBR 330, 330, 498 N.E.2d 500, 501. The FCCSEA is permitted by statute to employ staff attorneys to represent the agency, and did not need to rely upon a layperson to appear in this matter. See R.C. 2301.354 ("any child support enforcement agency may employ, through its appointing authority, staff attorneys to advise, assist, and represent the agency in its performance of its functions pertaining to the enforcement of support orders.").

■ In this case, Colby, who is not an attorney, was permitted by the referee to speak on behalf of the agency, not as a witness but as a representative of FCCSEA.

Although the basis for Colby's presence at the hearing derived from R.C. 3113.21(B)(4), requiring the FCCSEA to act as investigator in a case where a child support obligor is seeking termination of his child support obligation, Colby was not entitled to appear as FCCSEA's legal representative, since he is not an attorney and is not a party to the action. As custodian of the records of FCCSEA, and as an employee of the agency which oversees child support payments, Colby reasonably could have been found to have some knowledge of the facts at issue in this matter and could offer evidence as to appellant's financial ability to settle the arrearage; however, Colby should not have been permitted to make a recommendation as to the manner in which appellant should be ordered to liquidate his arrearage.

■ Nevertheless, no prejudice resulted from the trial court allowing Colby to appear on behalf of FCCSEA. There is no indication that the trial court relied upon Colby's recommendation that the arrearage be paid off in weekly installments; rather, the court simply ordered the $10 per week installments because that was the same amount appellant previously had been paying as child support. Appellant's second assignment of error is overruled.

Appellant's first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

WHITESIDE, Judge, concurring.

With the understanding that we do not suggest that civil contempt would be an appropriate remedy to collect the arrearage after emancipation, I concur generally in the opinion and judgment. The holdings in *Martin v. Martin* (1992), 76 Ohio App.3d 638, 602 N.E.2d 772, and *Crigger v. Crigger* (1991), 71 Ohio App.3d 410, 594 N.E.2d 67, do not preclude enforcement of payment of child support arrearages by appropriate means after emancipation.

The reliance upon R.C. 3113.21(G)(4)(b) and (M)(1) as direct authority to order installment payments appears to be inconsistent with our decisions in *Martin* and *Crigger*. However, even if the trial court could not order payment of arrearages in installments after emancipation, there is no prejudicial error since the order permits payment of a much larger sum in installments because of ability to pay. Otherwise, the entire arrearage would be immediately payable, which could be enforced by appropriate collection methods for judgments. The methods that may be used to enforce a child support order are set forth in R.C. 2301.38(A)(1), including proceedings under R.C. 2331.01, which may involve arrest of a judgment debtor to the extent constitutionally permissible and under circumstances set forth in R.C. 2331.02.

Accordingly, except as stated herein, I concur in the opinion and in the judgment, there being no prejudicial error.