Defendant-appellant, William Albrecht, appeals from a judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which adopted a magistrate's decision ordering appellant to liquidate a child support arrearage by a withholding order from appellant's pension from the Department of Veterans Affairs.
Under Civ. R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Thus, a party waives the right to appeal an issue unless the party files timely objections to the magistrate's decision under Civ.R. 53(E)(3).Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485, 489;Proctor v. Proctor (1988), 48 Ohio App.3d 55, 58-59. Here, appellant did not file objections to the magistrate's decision but, instead, he filed a notice of appeal. Therefore, appellant has waived his right to appeal the liquidation order.
Even assuming, arguendo, that appellant had properly preserved this issue for appeal, his sole assignment of error is without merit. Appellant argues that the liquidation order violates the withholding limits of the Consumer Credit Protection Act, Section 1673, Title 15, U.S. Code, and R.C.2329.66. However, R.C. 2329.66 specifically excludes child support orders issued, pursuant to R.C. 3113.21, from its attachment limits on pensions and personal earnings. R.C.2329.66(A)(10)(b) and (13). Appellant erroneously contends that R.C. 3113.21 does not apply because the parties' youngest child is now emancipated. However, this court has held that a trial court may order a party to liquidate a child support arrearage through installment payments under R.C. 3113.21(G)(4)(b) and (M), even though the child was emancipated. Hill v. Hill
(1993), 88 Ohio App.3d 447, 451. The terms of R.C. 3113.21(D) specifically adopt the withholding limits of the Consumer Credit Protection Act. Roach v. Roach (1989), 61 Ohio App.3d 315,321. Under Section 1673(b)(2)(B), Title 15, U.S. Code, a court may garnish fifty-five percent of the earnings of an individual supporting a spouse or dependent child and sixty-five percent of the earnings of an individual not supporting a spouse or dependent child