This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Walter L. Brown (hereinafter "Brown"), appeals the trial court's decision reducing to judgment Brown's alleged child support arrearage. The issues before us are whether the alleged unauthorized practice of law by the director of the Carroll County Bureau of Support deprived the trial court of jurisdiction and whether Brown was given notice, as required by due process, of his alleged arrearage. For the following reasons, we reverse the decision of the trial court and remand for further proceedings.
Brown and his wife, Patsy Barber (hereinafter "Barber"), divorced on October 23, 1964. Brown was ordered to pay child support for the parties' three minor children. The last child reached the age of emancipation in 1981.
On December 3, 1984, the trial court journalized an order to the Carroll County Bureau of Support to forward all future support payments to Patsy Brown, less $9,712.50 owed to the Department of Human Services in arrearages. After a hearing held on March 30, 2000, the trial court entered a journal entry on April 3, 2000, confirming arrearages in the amount of $26,016.13. The record does not establish Brown was served with notice of either of these post decree proceedings. On August 9, 2000, the director of the Bureau filed a motion with the trial court to reduce the arrearages to judgment. The hearing was set for August 16, 2000. Notice of this hearing was sent to Brown by regular mail.
After a continuance, the court heard the matter on August 24, 2000. The Bureau's director appeared for the Bureau and on behalf of Barber. No evidence was presented to the court concerning arrearages. Based on the two previous journal entries, the trial court granted the Bureau's motion and reduced the arrearages to judgment.
Brown challenges the trial court's decisions finding child support arrearages and reducing it to judgment, raising three assignments of error:
 "The judgment of the trial court is void as a matter of law for lack of jurisdiction, as the Bureau of Support and Patsy Barber were represented in these proceedings by a person not authorized or licenced to practice law in the State of Ohio."
 "The arrearage judgments rendered by the trial court are void as a matter of law as all such judgments were rendered in violation of Appellant's due process rights to notice and an opportunity to be heard."
 "The final judgment was not supported by competent, credible evidence and was therefore against the manifest weight of the evidence."
Because we conclude Brown did not receive proper notice, we reverse the trial court's judgment and remand for further proceedings.
In his first assignment of error, Brown argues the Bureau's director is not licensed to practice law, therefore, the court lacks jurisdiction over any action or motion filed by the director on behalf of either the Bureau or Barber. Brown did not raise this objection in the trial court, arguing this court can rule on the issue sua sponte.
 "The term jurisdiction refers to the authority conferred by law on a court to exercise its judicial power in a case or controversy before it. Jurisdiction is of two types. Subject matter jurisdiction refers to the authority that a court has to hear the particular claim brought to it and to grant the relief requested. Personal jurisdiction refers to the authority that a court has over the defendant's person, which is required before a court can enter a judgment adverse to his legal interests. Pennoyer v. Neff (1877), 95 U.S. 714, 24 L.Ed. 565. Whether a court has jurisdiction of the subject matter of an action and of the parties to that action is a question of law. Burns v. Daily (1996), 114 Ohio App.3d 693." (Emphasis in original) Valmac Industries, Inc. v. Ecotech Machinery, Inc. (2000), 137 Ohio App.3d 408, 411-2.
"[I]t is axiomatic that subject-matter jurisdiction cannot be waived, cannot be conferred upon a court by agreement of the parties, and may be the basis for sua sponte dismissal." (Emphasis in original) NordCommunity Mental Health Ctr. v. Lorain Cty. (1994), 93 Ohio App.3d 363,365. "The lack of subject-matter jurisdiction is not a waivable defense and may be raised for the first time on appeal." In re King (1980),62 Ohio St.2d 87, 89. In contrast, personal jurisdiction is a waivable defense. Civ.R. 12(H)(1).
 "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case. In the civil context, the standard applied to determine whether to dismiss a case for lack of subject matter jurisdiction is whether the plaintiff has alleged `any cause of action cognizable by the forum.'" State v. Swiger (1998), 125 Ohio App.3d 456, 462 quoting Avco Fin. Serv. Loan, Inc. v. Hale
(1987), 36 Ohio App.3d 65, 67.
If the trial court lacked subject matter jurisdiction to hear the motion, we may reverse the trial court's decision on that basis suasponte.
Ohio courts have recently been recognizing the difference between subject matter jurisdiction and the exercise of that jurisdiction.
 "Indiana, Michigan, Virginia, and now some Ohio appellate courts recognize that there is a distinction between subject matter jurisdiction and jurisdiction of the particular case, otherwise referred to as the `exercise' of jurisdiction. The exercise of jurisdiction refers to the authority provided to a court to decide cases within its subject matter jurisdiction. `Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear.' State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported. More specifically, subject matter jurisdiction focuses on the court as the proper form to hear the cases, such as municipal court, common pleas, or juvenile court. [Swiger, supra] A judgment may only be declared void for lack of jurisdiction if the case does not fall within a class of cases over which the trial court has subject matter jurisdiction. Adams Robinson [Ent. v. Envirologix Corp. (1996), 111 Ohio App.3d 426] citing Hitt v. Tressler (1983), 4 Ohio St.3d 174; Griffin, supra.
 "Conversely, the issue in this case involves the exercise of jurisdiction, which `encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction.' Swiger, supra; see, also, Griffin, supra." State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, unreported.
The Ohio Supreme Court has adopted an exercise of jurisdiction analysis, citing a Michigan decision as persuasive.
 "`"[W]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance. * * *
 "'"[I]n cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. It may not be called into question collaterally."' (Emphasis sic.) In re Waite (1991), 188 Mich. App. 189, 200, 468 N.W.2d 912, 917, quoting Jackson City Bank Trust Co. v. Fredrick (1935), 271 Mich. 538, 544-546, 260 N.W. 908, 909." State v. Filiaggi (1999), 86 Ohio St.3d 230, 240.
In the present case, the Bureau's director, a non-attorney, filed the motion before the trial court on behalf of the Bureau and Barber. The Ohio Board of Commissioners on Grievances and Discipline has concluded only a staff attorney may properly file a motion with a court on behalf of a local child support enforcement agency. Ohio Bd. Of Commrs. on Grievances and Discipline Opinion No. 90-10 at 6-7. Furthermore, Civ.R. 11 provides "[e]very pleading, motion, or other paper of a party" shall be signed by either the party, if acting pro se, or by the party's attorney.
 "No person shall be permitted to * * * conduct * * * any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules." R.C. 4705.01.
Because the motion was signed neither by Barber pro se, nor an attorney representing her or the Bureau, the motion did not comply with Civ.R. 11, and violated R.C. 4705.01.
The Bureau, relying on Hill v. Hill (1993), 88 Ohio App.3d 447, contends this court should find no prejudice resulted from the unauthorized practice of law and, therefore, affirm the decision of the trial court. In Hill, a father moved the court to terminate his child support obligation because his youngest child was emancipated. At a hearing on the motion the child support agency was represented by a nonattorney employee who recommended the manner in which the father should pay his child support arrearage. The Tenth District found that even though it was improper for the trial court to permit the nonattorney employee to make those recommendations, thereby engaging in the unauthorized practice of law, it was not prejudicial because there was no indication the trial court relied upon that recommendation when issuing its order.
The director in the case sub judice not only engaged in the same type of unauthorized practice of law as the nonattorney employee in Hill by appearing on behalf of the Bureau in the trial court, the director's actions were even more egregious. Here, the Bureau filed a motion signed by its director instead of merely responding to a motion with an appearance in court. It is this difference which does not allow us to overlook the trial court's error.
Any filing by a non-attorney on a corporation's behalf violates Civ.R. 11 and is a nullity which may be stricken from the record. Union Sav.Assn. v. Home Owners Aid (1970), 23 Ohio St.2d 60 . A null motion is different than a motion outside the trial court's subject matter jurisdiction.
 "Complaints that are validly filed but do not confer subject-matter jurisdiction over the action are voidable — they can be dismissed, or any defect in the complaint may be corrected by an amended complaint. Civ.R. 12(B)(1). However, a null and void complaint cannot be corrected — it is null and void." Alliance Group, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 388.
A corporation cannot be represented by its officers because, even though some statutes treat a corporation as a natural person, others "clearly reveal that the General Assembly did not intend a corporation to have all the attributes and powers of a natural person." Union Sav.Assn. at 62. Because a corporation does not have the rights of a person, it cannot appear in propria persona. Therefore, a corporation cannot proceed pro se. It must be represented by counsel.
For the purposes of Civ.R. 11, there is no reason to distinguish between corporate officers and officers of state agencies. Indeed, the two are to be treated similarly because both entities have standing to pursue certain matters in court. Alliance Group at 387. The Bureau's standing in this matter arises out of R.C. 3123.18 which allows it to "bring an action in the court of common pleas that issued the support order to obtain a judgment on the unpaid amount." However, neither a state agency nor a corporation may appear without legal representation because they are entities created by law, not an actual person. Therefore, the motion filed by the Bureau with the court is a nullity which may be stricken from the record. Brown did not raise this improper exercise of jurisdiction to the trial court and, therefore, may not challenge it for the first time here.
In the present case, the trial court has subject matter jurisdiction over the divorce and continuing jurisdiction over the child support order. R.C. 3115.07. However, it was incorrect for the trial court to exercise jurisdiction because the motion at issue here is a nullity, as it appears the Bureau director has engaged in the unauthorized practice of law. However, resolution of that issue is beyond the jurisdiction of this court, and the matter is left to the appropriate authority to decide. The incorrect exercise of jurisdiction may not be raised for the first time on appeal. Therefore, Brown's first assignment of error is meritless.
In his second assignment of error, Brown argues he was not properly notified of the motions leading to the judgments assessing arrearages against him. Pursuant to Civ.R. 75(J), when a party attempts to invoke the continuing jurisdiction of a court over a child support order it issues, the party must file a motion with the court and serve that motion on all parties in the manner provided for the service of process under Civ.R. 4 to 4.6. "[T]he continuing jurisdiction of the court cannot be properly invoked by motion pursuant to Civ.R. 75(I) [now Civ.R. 75(J)] in the absence of service of notice on the opposing party * * * [and] the court is without power to issue a valid, binding judgment." Rondy v.Rondy (1983), 13 Ohio App.3d 19, 22. Such a judgment is void ab initio
and subject to collateral attack because a lack of proper notice violates due process. Id.
"Due process of law is essentially the right to be heard (See 11 Ohio Jur.2d 51), and involves only the essential rights of notice, hearing, or opportunity to be heard before a competent tribunal." Rumora v. Board ofEd. of Ashtabula Area City School Dist. (1972), 32 Ohio Misc. 165, 167. "Due process requires, at a minimum, that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." State ex rel. Ballard v.O'Donnell (1990), 50 Ohio St.3d 182, 183; see also, Youngstown Steel DoorCo. v. Kosydar (1973), 33 Ohio App.2d 277 (Due process generally requires notice and a hearing be afforded whenever substantial rights may be affected). If a substantial right is not affected, due process does not require notice or a hearing. In order to decide whether notice was required, the court must decide whether the judgment affects a substantial right. Since a judgment void ab initio can be attacked collaterally, this court must examine all three judgment entries Brown challenges.
The December 3, 1984 Journal Entry merely journalizes the fact the Carroll County Department of Human Services was to be reimbursed for aid it had given to Patsy. Rather than affecting Brown's rights, it affects to whom Brown's previous obligation is owed. It does not change Brown's obligation to pay in any way. This Journal Entry does not affect Brown's substantial rights and, therefore, a lack of proper notice to Brown does not violate due process.
This analysis does not apply to either the April 3, 2000 Judgment Entry or the present judgment, as the former entry confirms an arrearage in a certain amount and orders a withholding to pay the arrears, and the latter reduces to judgment the amount of the arrearages. These actions clearly affect Brown's obligations and, therefore, his substantial right to property. Due process requires he be given proper notice of the proceedings.
Civ.R. 4.3 requires service of process upon out-of-state parties "shall be by certified or express mail unless otherwise permitted by these rules." In order to prove service has been given correctly, "[t]he clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. * * * The clerk shall file the return receipt or returned envelope in the records of the action." Civ.R. 4.3(B)(1). In this case, the Bureau attempted to invoke the court's continuing jurisdiction, but did not comply with Civ.R. 4.3. Therefore, notice was improper and the April 2000 and the present judgment did not comply with due process and are void ab initio. Brown's second assignment of error is meritorious.
Because we find the present judgment void ab initio, we need not address Brown's third assignment of error, whether that judgment was against the manifest weight of the evidence, as moot.
In conclusion, because Brown did not receive proper notice prior to either the April 2000 judgment or the present judgment, those judgments are void ab initio. Therefore, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
Vukovich, P.J., Concurs.
Donofrio, J., Concurs.