WHEELER, APPELLEE, *v.* WHEELER, APPELLANT.

(No. CA 2108 — Decided February 10, 1986.)

*Reba Sue Davis, f.k.a. Wheeler, pro se.*

*Brandabur, Campbell, Finlay, Johnson, McCormick, Weckstein & Beard* and *Phillip L. Beard,* for appellant.

WOLFF, J. Lloyd W. Wheeler has appealed from the refusal of the Clark County Court of Common Pleas to terminate a "wage assignment" ordered April 16, 1981.

The parties were divorced in 1973 and Lloyd W. Wheeler was ordered to pay $20 child support per week for each of his two minor children.

In 1981, Reba Sue Wheeler, by then Reba Sue Davis, had Lloyd cited for contempt for his failure to pay $11,935 in child support.

On April 16, 1981, the court awarded Reba a lump sum judgment of $11,935 for back child support through

April 3, 1981, and ordered Lloyd to continue to pay $20 per week for the support of the then-remaining minor child, Lloyd W. Wheeler II. In addition, the court ordered the defendant to enter into a "wage assignment" with his employer, Price Brothers Company, which would accomplish the withholding of $20 per week for the current support of the minor child and the further withholding of an additional $20 per week to be applied against the outstanding lump sum judgment for arrearage. The court further found that Lloyd was in contempt, but imposed no sanction conditioned on his otherwise complying with the order of the court.

The judgment providing for the above-described relief also contained a "certificate of acknowledgment and compliance of defendant's employer" which stated: "Price Brothers Company, the employer of the defendant, Lloyd W. Wheeler, hereby acknowledges the order of this Court as set forth above, and hereby certifies to the Court that it will comply with said order by withholding defendant's personal earnings to pay support pursuant to Section 3113.21 of the Ohio Revised Code."

In June 1985, Lloyd moved for the termination of the "wage assignment" for the reason, supported by affidavit and the birth certificate of Lloyd Wheeler II, that this youngest child of the parties had attained the age of twenty-one on November 6, 1984 and was, therefore, emancipated.

After the trial court's refusal to grant the requested relief, journalized in its judgment of July 10, 1985, Lloyd perfected this appeal asserting four assignments of error:

"I. The trial court erred in refusing to dissolve the wage assignment because the children of the parties were all over the age of twenty-one and emancipated.

"II. The trial court erred in overruling defendant-appellant's motion to terminate the wage assignment because an assignment of wages for payment of a child support arrearage that has been reduced to judgment is contrary to law.

"III. The trial court erred in overruling defendant-appellant's motion to terminate the wage assignment because an employer required to honor that assignment would be forced to violate the law.

"IV. The trial court erred in overruling defendant-appellant's motion because plaintiff-appellee has an adequate remedy at law."

The third assignment of error is overruled because the matter asserted in that assignment was not brought to the attention of the trial court.

The first, second and fourth assignments of error involve a common issue and can be treated together.

R.C. 3113.21(A), in its 1981 form (see 138 Ohio Laws, Part II, 3478), stated:

"In any action where support is ordered under Chapter 3115 or under section 2151.49, 3105.18, 3105.21, 3109.05, 3111.17, 3113.04 or 3113.07 of the Revised Code and where it appears to the court making the order that the person ordered to pay the support has failed to make payments in accordance with the order, the court, on its own motion or that of an interested party, after notice to the employer of the person ordered to pay support and on the person ordered to pay the support, may order the employer to withhold from the personal earnings of the person, notwithstanding the limitations of sections 2329.66, 2329.70, and 1911.40 of the Revised Code, the amount ordered for support plus poundage and to continue the withholding each pay period until further order of the court."

The central issue is whether an order entered pursuant to R.C. 3113.21(A) may be kept in force by the trial court after the children have reached their majority, for the purpose of reducing an outstanding judgment for arrearage.

We conclude that such an order may

be kept in force, affirm the judgment of the trial court, and overrule the assignments of error.

The obvious purpose of the April 16, 1981 order was to provide Reba Davis with regular child support payments for her remaining minor son and regular payments against her lump sum judgment of $11,935. Now that the youngest son is emancipated, the sole purpose of the order is to provide Reba with regular payments against the lump sum judgment.

When the order was made in 1981, the court ordered no more withheld from Lloyd Wheeler's earnings than he was ordered to pay in 1973, although under the 1981 order, $20 was for current support of the remaining minor child and $20 was to be applied to the judgment for arrearage.

We find nothing in the language of the statute that prohibits what the trial court ordered in 1981, or to prohibit the trial court from maintaining the order in force now to accomplish a steady reduction of Reba's judgment against Lloyd for arrearage.

Given what little we can glean from the record, it appears to us that Reba Davis, who appears *pro se* on this appeal, has a more satisfactory vehicle for redress in the court's 1981 order than she would have had were she confined to garnishment, attachment, and execution.

We have examined Lloyd Wheeler's authorities, and they do not persuade us.

Although the trial court used the phrase "wage assignment" in 1981, Lloyd's employer appears to have withheld the wages pursuant to R.C. 3113.21, cited above, which requires no voluntary transfer by the employee. Cf. R.C. 1321.31 which provides in part:

"No assignment of, or order for, wages or salary is valid unless made in writing by the person by whom the said wages or salary are earned * * *."

Accordingly, we do not believe there was a true wage assignment here and that the language of R.C. 1321.32[1] upon which Lloyd relies has no application to this case.

Nor do we believe that *Thompson* v. *Albers* (1981), 1 Ohio App. 3d 139 is controlling.

In *Thompson* the Court of Appeals for Clermont County stated as follows:

" * * * [A]fter the children have attained the age of majority, the trial court cannot enforce a prior order for child support by exercising the power of contempt; however, the appellant has the right to collect any arrearage in support by garnishment, attachment, or execution on the lump sum judgments previously granted.

"Therefore, the judgment of the Court of Common Pleas of Clermont County is modified to reflect that the only remedy available to appellant is a lump sum judgment. * * *" *Id.* at 141.

*Thompson,* however, was concerned with whether nonsupport was punishable by contempt after the children became emancipated. The question before us here was not before the Clermont County Court of Appeals.

On the other hand, some authority for the conclusion we reach here is found in *Haag* v. *Haag* (1983), 9 Ohio App. 3d 169. Although the Cuyahoga County Court of Appeals vacated a wage order due to procedural irregularities in the trial court, it stated at 172:

" * * * Should it appear necessary to the trial court to reinstate the wage order to secure enforcement of the partial judgment or the total arrearage ultimately found to exist, the trial court

---

[1]R.C. 1321.32 provides in pertinent part that " * * * no assignment of, or order for wages or salary is valid unless the wages assigned or ordered are to be paid for the support of the employee's spouse or minor child in complying with an order of a court of record for the support of the employee's spouse or minor child * * *."

332

may, upon notice and hearing, do so at that time."

Although we cannot glean from *Haag* whether the children were emancipated, we do not think the vitality of an R.C. 3113.21 order to pay down an arrearage should automatically terminate upon the youngest child's reaching adulthood.

A lump sum judgment for arrearage is awarded because the parent obliged to pay regular support has not done so, and that someone else — here, the mother — has shouldered a greater burden than intended by the trial court, or, for that matter, by society.

We recognize that our construction of R.C. 3113.21 may give Reba Davis preferential treatment vis-a-vis Lloyd Wheeler's other creditors. If that be true, we believe she is entitled to preferential treatment. Lloyd's creditors had a choice in whether or not to extend credit to him. Reba had no choice in whether or not to provide for their children.

The judgment of the Clark County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.