**CATTREN, Appellee,**

v.

**CATTREN, Appellant.**

[Cite as *Cattren v. Cattren* (1992), 83 Ohio App.3d 111.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61085.

Decided Oct. 5, 1992.

**112**

*John F. Seelie,* for appellee.

*John H. Bever,* for appellant.

---

SPELLACY, Judge.

Defendant-appellant Gary E. Cattren ("appellant") appeals the trial court's judgment imposing a wage order, under R.C. 3113.21, to cover support arrearages which had been reduced to judgment, and awarding plaintiff-appellee Linda Cattren ("appellee") attorney fees.[1]  Finding the trial court's judgment to be proper, we affirm.

## I

Appellee and appellant were divorced in 1988.  The divorce decree awarded custody of the couple's two children, William and Gretchen, to appellee.  The divorce decree ordered appellant to pay child support of $73 per child per week and alimony.  The divorce decree further imposed a wage order, under R.C. 3113.21, to ensure compliance.  In addition, the divorce decree reduced to judgment an award of $9,000 for attorney fees and an award of $10,504.56 for arrearages in support *pendente lite.*

After Gretchen elected to live with appellant, the trial court reduced his child support obligation by $73 per week.  Appellee then filed motions to continue the wage order at its present level, to apply excess payments to arrearages, and for legal fees and expenses.  After receiving a report and recommendation from the referee, the trial court granted appellee's motions, ordering appellant to pay $73 per week on the $9,000 and $10,504.56 judgments.  It further imposed a wage order at the original level, $231.30 per week, and directed that $73 per week be applied to the $9,000 and $10,504.56 judgments.  The trial court also awarded appellee $2,500 in additional alimony for attorney fees.

## II

In his first assignment of error, appellant contends the trial court erred when it imposed a wage order, under R.C. 3113.21, for the purpose of applying payments to support arrearages which had been reduced to judgment.

Appellant's assignment of error lacks merit.

---

1.  Appellant raises the following assignments of error:
    "I.  The trial court erred in continuing the wage order at its present level, and applying excess payments to arrearage for which there was a lump sum judgment.
    "II.  The trial court erred in ordering the defendant-appellant to pay $2,500.00 toward attorney fees' for the plaintiff-appellee."

Under R.C. 3113.21, a trial court may impose an order requiring an employer to make withholdings from the earnings of an individual who has failed to make support payments notwithstanding the limitations on wage garnishments set forth in other sections of the Revised Code. (See R.C. 2329.60, 2329.70 and 1911.40.)

Appellant argues R.C. 3113.21 does not apply to support arrearages which have been reduced to judgment.

In *Wheeler v. Wheeler* (1986), 27 Ohio App.3d 329, 27 OBR 386, 500 N.E.2d 917, however, the court directly addressed this issue and held that wage orders may be imposed under R.C. 3113.21 to cover support arrearages which have been reduced to judgment. See, also, *Rozanski v. Rozanski* (Aug. 22, 1986), Lucas App. No. L–85–365, unreported, 1986 WL 9103; *Heiges v. Heiges* (June 8, 1984), Lucas App. No. L–83–323, unreported, 1984 WL 13958. *Wheeler* went on to state:

"A lump sum judgment for arrearage is awarded because the parent obliged to pay regular support has not done so, and that someone else—here, the mother—has shouldered a greater burden than intended by the trial court, or, for that matter, by society.

"We recognize that our construction of R.C. 3113.21 may give [the plaintiff] preferential treatment vis-a-vis Lloyd Wheeler's other creditors. If that be true, we believe she is entitled to preferential treatment. Lloyd's creditors had a choice in whether or not to extend credit to him. [The plaintiff] had no choice in whether or not to provide for their children." *Id.,* 27 Ohio App.3d at 332, 27 OBR at 389, 500 N.E.2d at 920.

Although *Wheeler* dealt specifically with child support, its rationale applies to all forms of support.

Appellant argues *Wheeler* is distinguishable because in that case the trial court imposed the wage order at the same time it reduced the support arrearage to judgment. The holding in *Wheeler,* however, is not dependent on whether the wage order is made at the time the support arrearage is reduced to judgment or at a later time.

Accordingly, appellant's first assignment of error is not well taken.

### III

In his second assignment of error, appellant contends the trial court erred when it awarded appellee attorney fees in the form of additional alimony.

Appellant's assignment of error lacks merit.

Appellant supports his contention by arguing that a trial court must make a finding of contempt before it may award attorney fees in a post-divorce decree proceeding. He also argues that the trial court was precluded from awarding

attorney fees because it did not make a finding of changed circumstances and because appellee did not specifically request additional alimony.

A trial court may, in its discretion, award attorney fees in a post-divorce decree proceeding. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 18 OBR 415, 417, 481 N.E.2d 609, 612; *Blum v. Blum* (1967), 9 Ohio St.2d 92, 38 O.O.2d 224, 223 N.E.2d 819, syllabus. A finding of contempt is not a prerequisite to the awarding of attorney fees. *Saeks v. Saeks* (1985), 24 Ohio App.3d 67, 71–72, 24 OBR 122, 125–126, 493 N.E.2d 280, 283–284. In addition, we find that neither a finding of changed circumstances nor a specific request for additional alimony is necessary.

Accordingly, appellant's second assignment of error is not well taken.

*Judgment affirmed.*

NAHRA, P.J., and PATTON, J., concur.