**[Cite as *Raska v. Raska*, 2014-Ohio-5449.]**

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

KIMBERLEE R. RASKA                                  :

     Plaintiff-Appellant/                          : C.A. CASE NO.    2014 CA 29
     Cross-Appellee                                                2014 CA 35

                                           :

v.                                                     T.C. NO. 11DR391

                                         :

VINCENT M. RASKA                                        (Civil appeal from Common
                                     :   Pleas Court, Domestic Relations)

     Defendant-Appellee/
     Cross-Appellant                               :

                                         :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____12th_____ day of _____December_____, 2014.

. . . . . . . . . .

APRIL H. MOORE, Atty. Reg. No.0084711, 260 N. Detroit Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellant/Cross-Appellee

ANDREW H. JOHNSTON, Atty. Reg. No. 0088008 and CHARLES H. SELL, II, Atty. Reg. No.
0007490, 215 W. Water Street, Troy, Ohio 45373
     Attorneys for Defendant-Appellee/Cross-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Kimberlee Raska appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, which denied Ms. Raska's motion (and that of her former spouse, Vincent Raska) for a finding of contempt with respect to the distribution of marital assets pursuant to their divorce decree. Mr. Raska has filed a cross-appeal, which also relates to the distribution of marital assets pursuant to the parties' divorce decree. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} The Raskas divorced in November 2012 after 26 years of marriage; the parties used May 29, 2012, as the date of the end of the marriage for calculating the division of assets. In April 2013, Ms. Raska filed a Motion for Clarification of the judgment with respect to several issues, requesting the court's guidance in the execution of its order. In July 2013, Ms. Raska dismissed this motion and filed a motion to show cause why Mr. Raska should not be held in contempt. In August 2013, Mr. Raska also filed motions to hold Ms. Raska in contempt, to modify the divorce decree, and for relief from judgment.

{¶ 3} A magistrate held a hearing on the motions on October 21, 2013, and filed a decision on October 25, 2013. The magistrate found that neither party was in contempt and resolved some disputes as to the distribution of assets; he also declined to award attorney fees to either party. Both parties filed objections to the magistrate's decision and, in January 2014, a hearing was held before the trial court. In February 2014, the trial court overruled both parties' objections and approved the magistrate's decision of October 25, 2013.

{¶ 4} Both parties appealed. Ms. Raska raises four assignments of error, and Mr. Raska raises one assignment.

**{¶ 5}** "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Jenkins v. Jenkins*, 2012-Ohio-4182, 975 N.E.2d 1060, ¶ 12 (2d Dist.), citing *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4. Clear and convincing evidence is the standard of proof in civil contempt proceedings. *Jenkins* at ¶ 12.

**{¶ 6}** We review the trial court's decision whether to find a party in contempt under an abuse of discretion standard. *Id.* We also review a trial court's division of marital assets under an abuse of discretion standard. *Paterchak v. Paterchak*, 2d Dist. Montgomery No. 25383, 2013-Ohio-3043, ¶ 20. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 7}** We begin with Ms. Raska's arguments. Her first assignment of error states:

> **The Court failed to properly enforce the Order from the Final Judgment and Decree of Divorce ordering Husband to pay Wife 44% of his current new monthly retirement benefits after deductions until the Court Order for the Division of Military Retirement became effective.**

**{¶ 8}** Ms. Raska's first assignment of error relates to Mr. Raska's U.S. Air Force Pension. Mr. Raska was retired at the time of the divorce, having served more than 22 years; about 2½ years of his service predated the marriage. These numbers gave rise to the trial court's calculation that Ms. Raska was entitled to approximately 44% of Mr. Raska's Air Force

retirement pay.

{¶ 9}    To address an anticipated gap between the end of the marriage and the processing of the paperwork to effectuate separate payments of the retirement benefits, the Final Judgment and Decree of Divorce required Mr. Raska to pay directly to Ms. Raska 44% of his net monthly retirement pay "until such time as * * * the Court Order for the Division of Military Retirement is implemented by the Defense Finance and Accounting Service."

{¶ 10}   In her motion to show cause why Mr. Raska should be held in contempt, Ms. Raska asserted that Mr. Raska failed to pay her 44% of his monthly retirement pay from June through October 2012.  The order effectuating separate payments took effect in November 2012.  She claimed that, during the interim period, she had been entitled to $1,604.98 per month, or a total of $8,024.90 ($1,604.98 x 5 months).  Mr. Raska asserted that he was entitled to deduct certain payments made by him on Ms. Raska's behalf during the period in question from the amount owed.  He offered payment in an amount less than the $1,604.98 per month contemplated by the magistrate's order; Ms. Raska refused to accept the lesser payments.

{¶ 11}   The trial court concluded that, during the period from June through October 2012, Mr. Raska had paid substantial sums for Ms. Raska's benefit, including payments to the parties' joint mutual fund and joint holding account, payments to Ms. Raska's Roth IRA, and premiums on life insurance and long term care insurance retained by Ms. Raska.  He also paid several hundred dollars each month for life insurance on one of their children and contributed to another child's 529 education account.  Overall, the trial court found that Mr. Raska was entitled to credit for $2,422 against the retirement payments for the five months in dispute.  It deducted this amount (as well as the $3,201 credit discussed under the third assignment of error) from the total

unpaid retirement benefits from this period ($8,024.90), and concluded that Mr. Raska owed Ms. Raska $2,402.00 ($8,024.90 - $2,422 - $3,201 = $2,401.90).

**{¶ 12}** The trial court acted within its discretion in concluding that Mr. Raska was not in contempt for his failure to pay the full amount of Air Force retirement between June 1 and October 31, 2012, when automatic payments directly to Ms. Raska began. The payment of the costs associated with the insurance policies, Ms. Raska's Roth IRA, and the like had not been addressed in the magistrate's order, and the court reasonably concluded that an offset for these payments was appropriate.

**{¶ 13}** The first assignment of error is overruled.

**{¶ 14}** Ms. Raska's second assignment of error states:

> **The Court failed to properly enforce the Order from the Final Judgment and Decree of Divorce regarding the property equalization.**

**{¶ 15}** Ms. Raska contends that the trial court ordered the parties to value certain assets as of May 28, 2012 (or as close as possible) but that Mr. Raska "refused to cooperate" with providing a valuation for his Thrift Savings Plan, "unilaterally prevent[ing] the parties from complying with the property equalization" provision in the decree. She also contends that the trial court's response to her show cause motion "modified" the court's previous order with respect to the date of valuation, and such a modification was not permitted.

**{¶ 16}** The parties' divorce decree divided numerous assets, including IRAs, 401(k)s, insurance policies, investment accounts, and the like, in a manner that favored Mr. Raska, but it awarded the marital home to Ms. Raska. It then provided that Mr. Raska's one-half equitable interest in the marital home would be paid to him from the Raska Family Trust, and that the

balance of the Raska Family Trust would be divided equally between the parties. However, because the parties disputed the amounts of various assets, they never reached the point of dividing the Raska Family Trust.

{¶ 17}    By the time of the contempt hearing, the assets in the family trust had appreciated from $141,347 (as of May 29, 2012) to $181,000; the parties disputed the manner in which the appreciation should be distributed. Ms. Raska argued that she should keep all of the gains in the Trust, claiming that Mr. Raska's uncooperativeness and "blatant disregard" for court orders had precluded the prompt distribution of assets pursuant to the decree. Mr. Raska sought to share in the gains; in fact, he contended that he was entitled to more than half of the gains, because, under the original order, he had been entitled to more than half of the trust. All other assets were valued as of May 29, 2012, for purposes of the property division.

{¶ 18}   Substantial gain on the Raska Family Trust during the period when the other marital assets were being valued was apparently not anticipated by the parties, and the Trust is unique in that it was not awarded to either party.    With all of the other assets that were subject to distribution, any appreciation or depreciation was borne by the party to whom the asset was awarded, but this was not true of the Trust. The Trust was to be used to equalize the division when the values of all other assets had been determined.

{¶ 19}   Considering the unique treatment of the Trust in the property distribution, we are unpersuaded by Ms. Raska's argument that the trial court abused its discretion in valuing the Trust as of the date of a subsequent hearing (which was focused on sorting out disputes over the property settlement), thereby including the amount of appreciation that occurred while other valuations remained in dispute. We are also unpersuaded by Mr. Raska's argument that the

appreciation of the Trust should have been divided in the same proportion as the parties would have shared the Trust, rather than dividing the appreciation equally. We cannot conclude that the trial court abused its discretion in handling the appreciation as it did.

{¶ 20}   The second assignment of error is overruled.

{¶ 21}   Ms. Raska's third assignment of error states:

**The Court failed to properly divide the joint bank account.**

{¶ 22}   Ms. Raska claims that the trial court's handling of a joint bank account was inequitable, because Mr. Raska made several withdrawals from it while the divorce was pending, whereas she used the account only for expenses related to the household and the children. She contends that she should have been awarded half of the balance of the joint checking account as of July 1, 2012. Ms. Raska offers no explanation for the use of this date.

{¶ 23}   In the final judgment and decree of divorce, as in the magistrate's previous decision, the court ordered that the parties retain any account solely in their names at the time of the divorce. With respect to the joint account, it stated:

> * * * [I]t was clear from the testimony at this hearing that Husband was depositing a substantial portion of his pay into a joint bank account for the payment of ongoing marital expenses. It is appropriate and equitable for the parties to pay any outstanding expenses they have agreed that are to be paid from their joint account and then close the joint account and divide any remaining balance equally between them.

{¶ 24}   The evidence established, and the trial court found, that during the pendency of the divorce, while the temporary orders for child support and spousal support were in place, Mr. Raska

continued to fund a joint account held by the parties. On the date of the magistrate's decision regarding the division of assets, the joint account contained $941. In June and July 2012, Mr. Raska deposited an additional $3,815 into the account and withdrew $1,555. Ms. Raska "expended or removed" $3,201 during this period for household expenses or for the children, notwithstanding her child support and spousal support payments. Each party asked that the other be held in contempt for the use of this account while the divorce was pending. Ms. Raska also sought to be credited for $1,102 in the distribution of assets, representing half of the amount that was in the account at the beginning of July 2012.

{¶ 25} The trial court found that it was "equitable and appropriate" to find neither party in contempt for the use of the funds in the joint account. It credited Mr. Raska for $3,201, and concluded that Ms. Raska was not entitled to a credit for $1,102.

{¶ 26} The parties do not appear to have agreed what to pay from the account, as contemplated by the magistrate's order, and the order does not seem to have anticipated additional deposits by Mr. Raska. The amount credited to Mr. Raska was calculated as follows: the balance in the account as of the magistrate's June 2012 decision ($941), plus Mr. Raska's deposits of $2,835 and $980, less Mr. Raska's withdrawals of $500 and $1,055 ($941 + $2,835 + $980 - $500 -$1,055 = $3,201). It was undisputed that Ms. Raska did not deposit any funds into the account. Although it was debatable whether Mr. Raska should have been credited the entire $941 in the account as of the magistrate's decision, the court's conclusion that Ms. Raska had expended more than $3,200 from the account, while not contemptuous, justified awarding the initial balance of the account to Mr. Raska. The trial court also did not abuse its discretion in concluding that neither party should be held in contempt, insofar as the magistrate's order provided for the

payment of expenses from the joint account, notwithstanding its awards of spousal support and child support.

{¶ 27} The third assignment of error is overruled.

{¶ 28} Ms. Raska's fourth assignment of error states:

**The Court failed to grant Ms. Raska attorney fees/ legal fees she incurred leading up to and associated with the prosecution of her Motion to Show Cause to enforce [sic] Mr. Raska to comply with the previous Orders of the Court.**

{¶ 29} Ms. Raska asserts that the court should have awarded her over $8,000 in attorney fees, because the prosecution of her motion to show cause was necessitated by Mr. Raska's "unwillingness to comply" with the court's prior order.

{¶ 30} An award of attorney fees is within the sound discretion of the trial court. *Rand v. Rand*, 18 Ohio St.3d 356, 359, 481 N.E.2d 609 (1985). A court has discretion to award attorney fees in a post-divorce decree proceeding, even without a finding of contempt. *Donese v. Donese*, 2d Dist. Greene No. 2000-CA-17, 2000 WL 1433872 (Sept. 29, 2000), citing *Cattren v. Cattren*, 83 Ohio App.3d 111, 114, 614 N.E.2d 770 (8th Dist.1992) and *Saeks v. Saeks*, 24 Ohio App.3d 67, 71-72, 493 N.E.2d 280 (2d Dist.1985).

{¶ 31} With respect to attorney fees, the trial court considered the time and labor required, the hourly rates charged by counsel for each party, the parties' assets, the results obtained, and other factors. The court observed that no expert testimony was offered on the necessity and reasonableness of the fees incurred in the handling of the contempt motions. Neither party was found to be in contempt. Ms. Raska requested $8,391 in attorney fees, and Mr.

Raska requested $4,200 in attorney fees, exclusive of the time spent at the final hearing. The trial court concluded that it was "equitable and appropriate for each party to pay their own attorney fees."

**{¶ 32}** In this case, the parties were similarly situated financially, and it appears that each played some role in the post-decree disputes that led to the contempt proceedings. Under these circumstances, the trial court did not abuse its discretion in concluding that each party should pay its own attorney fees.

**{¶ 33}** The fourth assignment of error is overruled.

**{¶ 34}** Mr. Raska lists the following assignment of error with respect to this cross-appeal:

**The Court failed to equitably divide the marital property in the Order**

**from the Judgment Entry and Decree of Divorce filed for record on June 13,**

**2012.**

**{¶ 35}** Although Mr. Raska's brief states this assignment of error, it contains no argument as to how the court failed to equitably divide the property, as required by App.R. 16(A)(7). Moreover, Mr. Raska did not appeal from the June 13, 2012, judgment, and the time for filing such an appeal has passed. Mr. Raska appealed from the trial court's February 12, 2014, judgment, which adopted the magistrate's findings and conclusions with respect to the parties' contempt motions.

**{¶ 36}** We addressed Mr. Raska's arguments insofar as he responded to Ms. Raska's arguments above. Because Mr. Raska has failed to present any additional argument in his assignment of error on cross-appeal, that assignment is overruled.

**{¶ 37}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

April H. Moore
Andrew H. Johnston
Charles H. Sell, II
Hon. Thomas J. Capper