[Cite as *Woolum v. Woolum*, 2015-Ohio-190.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

SARAH L. WOOLUM (nka LOWRY)           :
                                      :
            Plaintiff-Appellee        :    C.A. CASE NO. 2014-CA-8
                                      :
v.                                    :    T.C. NO. 11 DR 163
                                      :
                                      :    (Civil Appeal from Common
                                      :    Pleas Court, Domestic Relations)
BRIAN M. WOOLUM                       :
                                      :
            Defendant-Appellant       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of _____January_____, 2015.

. . . . . . . . . .

JAMES R. KIRKLAND, Atty. Reg. No. 0009731, 130 W. Second Street, Suite 840, Dayton, Ohio 45402
            Attorney for Plaintiff-Appellee

HERBERT CREECH, Atty. Reg. No. 0005198, 200 Jamestown Circle – F, Dayton, Ohio 45458
            Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Brian Woolum appeals from a judgment of the Common Pleas Court of Greene County, which found him in contempt of court for failing to refinance or list certain real properties within the time provided in the parties' decree of divorce, granted Civ.R.

60(B) relief to Sarah Woolum (now Lowry) with respect to two provisions of the divorce decree, and ordered Woolum to pay Lowry's attorney fees.

{¶ 2} Woolum and Lowry divorced in June 2013. Their divorce decree stipulated that Woolum would be awarded two properties: 2104 Entrada Drive in Beavercreek and 1425 Balsam Drive in Dayton. Woolum was "entitled to keep any equity associated with the real properties" but was also "responsible for any mortgage arrearage, tax arrearage, or liability associated" with them. Woolum was to refinance the properties within six months or, if unable to refinance, he was to list the properties for sale at the "highest obtainable price."

{¶ 3} On October 2, 2013, Lowry filed a motion to show cause why Woolum should not be held in contempt for failing to refinance the properties or place them for sale.[1] Lowry alleged that the Balsam property had gone into foreclosure, which adversely affected her credit rating, and that Woolum had also failed to refinance or place for sale the Entrada property, in which he was living. Additionally, Lowry alleged that Woolum had failed to cooperate with their accountant's filing of their 2011 tax return and had failed to pay her $4,481.88, as provided in the divorce decree.[2]

{¶ 4} On October 2, 2013, Lowry also filed a motion for Civ.R. 60(B) relief from portions of the divorce decree related to Woolum's business, REMK LLC, and their 2011

---

[1] The decree stated that the stipulation regarding the real properties had been made on March 16, 2012, which was more than six months prior to the motion to show cause. The decree also stated that the required action on the properties must be taken "in the agreed upon time frame." Thus, it appears that the six-month time frame for refinancing or selling the houses ran from March 16, rather than from the date of the decree. In any event, it had been more than six months from the date of the decree when the trial court heard the motion and issued its findings.

[2] Pursuant to the divorce decree, Woolum had one year to pay Lowry the sum owed. One year had not yet passed when her motion for contempt was filed, and the trial court did not address this portion of the show cause order.

tax returns. Woolum had represented to the court in March 2012 that the business had been closed and, as such, the court had not assigned ownership or liability for the company in the divorce decree. Lowry's motion alleged that she had subsequently learned that REMK was still "an active company" for which she was listed as a statutory agent, although Woolum had been the "sole owner and operator and manager" of the business. Lowry requested that the final decree be amended to reflect that Woolum owned the business and was responsible for any liabilities that existed related to REMK. She also requested that the parties be allowed to file their 2011 taxes separately, rather than jointly, because Woolum had not worked with their accountant to complete the joint filing.

{¶ 5} On January 27, 2014, the court held a hearing on the motions. On January 28, it issued a Decision and Order.

{¶ 6} With respect to the Civ.R. 60(B) motion, the court found that Lowry was entitled to relief insofar as Woolum had misrepresented the status of his business during the divorce proceedings. It "amended" the decree to provide that Woolum was responsible for all liabilities and debts owed by REMK, LLC, and ordered him to notify creditors of the business of this fact. The court also stated that Woolum would be obligated to indemnify Lowry for any attachment or garnishment of her wages or other assets attributable to the business. The trial court awarded Lowry $750 in attorney fees, on the basis that "falsely representing the business as dissolved necessitated that [Lowry] ask for the relief."

{¶ 7} On the show cause motion, the trial court found Woolum in contempt for his failure to refinance the Balsam and Entrada properties or list them for sale. With respect

to the Balsam property, the trial court found that Woolum's "willful failure" had led to foreclosure and the levying of a deficiency judgment against both Lowry and Woolum. The court found that Lowry had not yet suffered any monetary damages from Woolum's inaction at the time of the hearing, but it reserved the right to order repayment to Lowry if she suffered such consequence in the future. Further, the court stated that Woolum could purge his contempt "by paying or making arrangements to pay" the bank prior to his sentencing hearing, which was scheduled for May 14, 2014.

{¶ 8} With respect to the Entrada property, the trial court found that Woolum was in contempt for his failure to refinance the property or list it for sale within six months, as required by the divorce decree. Again, the court concluded that Lowry had not yet suffered any adverse financial consequences from Woolum's actions, but it retained the right to order reimbursement in the future. By the time of the hearing, the property had been listed for sale, but the court reaffirmed its order that the property be listed and remain listed until sold. The court awarded Lowry $750 in attorney fees for "having to pursue the contempt citations."

{¶ 9} In a supplemental decision filed on February 4, 2014, the trial court addressed the parties' 2011 tax return; the court had stated its ruling on this issue from the bench at the hearing, but had failed to incorporate the ruling into its decision and entry. The court granted Lowry's request that the divorce decree be amended to permit the parties to file their 2011 tax returns separately, rather than jointly.

{¶ 10} On February 26, 2014, Woolum filed a notice of appeal from the January 28 and February 4 judgments.

{¶ 11} Due to subsequent filings in this court related to a stay, we are aware that,

on June 2, 2014, the trial court sentenced Woolum to 60 days in jail for contempt in failing to comply with the January 28, 2014, order, for failure to comply with modifications of the divorce decree made pursuant to Lowry's Civ.R. 60(B) motion, and for failing to pay attorney fees to Lowry. Although we granted a stay of Woolum's sentence while this appeal is pending, we note that the current appeal does not itself relate to the June 2, 2014, judgment.

{¶ 12} Woolum raises one assignment of error on appeal from the trial court's January 28 judgment finding him in contempt. He does not challenge the trial court's modifications to the divorce decree pursuant to Civ.R. 60(B).

**The evidence herein did not justify a finding of contempt and if it did, the trial court did not give Appellant an opportunity to purge same before imposing the jail sentence.**

{¶ 13} Woolum contends the trial court's finding of contempt was "utterly unjustified" and that he was not given an opportunity to purge the contempt prior to his sentencing.

{¶ 14} "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Jenkins v. Jenkins,* 2012-Ohio-4182, 975 N.E.2d 1060, ¶ 12 (2d Dist.), citing *Wolf v. Wolf,* 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4. In Ohio, a trial court has the discretion to assess reasonable attorney fees as part of the costs against a defendant found guilty of civil contempt. *In re Wolfe*, 2d Dist. Greene No. 2000-CA-60, 2001 WL 128884, * 6 (Feb. 16, 2001), citing *Planned Parenthood v. Project Jericho*, 52 Ohio St.3d 56, 67, 556 N.E.2d 157 (1990). Clear and convincing evidence is

the standard of proof in civil contempt proceedings. *Jenkins* at ¶ 12. We review the trial court's decision whether to find a party in contempt under an abuse of discretion standard. *Id.*

{¶ 15} At the January 27, 2014, hearing, Woolum claimed that he had "never been allowed" or had been "unable" to refinance the Balsam property. Similarly, with respect to the Entrada property, Woolum claimed that he had "attempted to refinance," but that Lowry had "refused to cooperate with the paperwork." However, the documents on which Woolum relied, which were presented as exhibits, indicated that the paperwork sent to Lowry had given her the following options: 1) sign a loan modification, which would have kept Lowry on the loan over a longer period of time (40 years), or 2) sign a quit-claim deed, which would have removed her name from the deed but not the note. Woolum acknowledged that neither of these options would have removed Lowry's name from the debt on the property. Woolum did not present any evidence that he had applied for refinancing and been denied. When he was questioned by the court about the 40-year modification he had proposed to Lowry, Woolum stated that such a modification, which kept Lowry on the obligation, was "the only way for me to get a new loan" in "my current position." Woolum had listed the Entrada property for sale one month prior to the hearing.

{¶ 16} Lowry testified that she refused to sign the documents presented to her by Woolum, because they did not release her from financial obligation for the properties.

{¶ 17} At the hearing, the court pointed out to Woolum that, if he were unable to obtain refinancing, his alternative "under the decree [was] to put the property up for sale." With respect to the Balsam property, the court stated that Woolum had wanted the

property in the divorce and had been obligated to pay the mortgage, but then he had failed to make the payments and the property had ended up in foreclosure. Regarding the Entrada property, the court observed that Woolum and his attorney had repeatedly "tried to make a point that [Lowry] did something wrong by not signing off" on the papers presented by Woolum, when she had no obligation to sign anything that helped Woolum without removing Lowry from the financial obligation.

{¶ 18} The trial court found Woolum in contempt, stating that he clearly had not done what he was supposed to do pursuant to the divorce decree with respect to the properties. The court did order payment of attorney fees, but scheduled a sentencing hearing several months in the future to "listen to what you've (Woolum) done to get these things resolved between now and then."

{¶ 19} No evidence was presented of any effort on Woolum's part to refinance the Balsam property and, when it fell into foreclosure due to his non-payment of the mortgage, refinancing or listing the property for sale became impossible. By his own admission, Woolum had been unable to refinance the Entrada property, but he did not list it for sale until more than two months after Lowry filed her motion to show cause, well beyond the six-month timeframe contained in the decree. Woolum testified that, when he did list the Entrada property for sale, several other houses on the street were also for sale; there had not been any interest in the house by the time of the hearing. By failing to list the properties promptly when it became clear that he would be unable to obtain refinancing, Woolum placed the parties in significantly worse position than they would have been if he had complied with the provisions of the decree. The trial court's finding that Woolum was in contempt for failing to refinance the Balsam and Entrada properties

or list them for sale was supported by clear and convincing evidence and was not an abuse of discretion.

{¶ 20} Woolum also contends that the trial court erred in failing to give him the opportunity to purge his contempt. This appeal, however, deals with the finding of contempt, not the imposition of sentence. The January 28 judgment at issue in this appeal and the trial court's comments from the bench at the January 27, 2014, hearing clearly contemplate providing Woolum with the opportunity to purge the contempt at issue at the January 27 hearing. If Woolum were sentenced for the contempt at a later date, his recourse would be to appeal from the judgment in which he was so sentenced. The record of those proceedings and any issues raised therein are not properly before us in this appeal of the January 28 order.

{¶ 21} The assignment of error is overruled.

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

James R. Kirkland
Herbert Creech
Hon. Steven L. Hurley